UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RESOURCE TRANSITION CONSULTANTS, LLC, a limited liability company,<br><br>Defendant. | No.<br><br>**PLAINTIFF NAVIGATORS SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Navigators Specialty Insurance Company ("Navigators"), for its Complaint for Declaratory Relief against Defendant Resource Transition Consultants, LLC ("RTC"), alleges on knowledge, information, and belief as follows:

## I. NATURE OF THE ACTION

1.1     Navigators brings this Complaint to obtain a judicial determination and declaration that there is no defense or indemnity coverage under Errors & Omissions Insurance Policy No. CE18MPL607974IC, which Navigators issued to RTC for the claims-made **policy period** of May 18, 2018 to May 18, 2019 (the "Policy") for a purported loss suffered by RTC after RTC fell victim to a fraudulent funds transfer scheme (as described more fully below, the

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 1

2417412 / 1341.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

"Funds Conversion").[1]

1.2   A true and correct copy of the Policy, except for the application, is attached as Exhibit A.

1.3   An actual, ripe and justiciable controversy has arisen and currently exists relating to the parties' respective rights, duties, and obligations under the Policy in connection with the Funds Conversion, as described further below.

1.4   In particular, Navigators seeks a determination and declaration by this Court that coverage for the Funds Conversion is not available because any loss associated with the Funds Conversion arose from RTC transferring funds to a third party and was not "a result of a **claim** first made against the **Insured** and reported in writing to the **Company** during the **policy period** or **Extended Reporting Period** (if applicable), by reason of an act or omission including **personal injury** in the performance of **professional services** by the **Insured** or by someone for whom the **Insured** is legally responsible" as required to implicate coverage under §I.A.

1.5   Navigators also seeks a determination and declaration by this Court that coverage for the Funds Conversion loss is barred by several exclusions, including:

a.   an exclusion for any **claim** based on or arising out of "any inability or failure of the **Insured** to pay, collect, or safeguard funds." Policy, §IV, as amended by Endorsement 2 (the "Funds Exclusion").

b.   an exclusion for any **claim** based on or arising out of "the conversion, commingling, defalcation, misappropriation or improper use of funds or other property." Policy, §IV, as amended by Endorsement 2 (the "Money Handling Exclusion").

---

[1] Terms in bold-face type in this Complaint are bolded and defined in the Policy. *See generally* Exhibit A, Policy.

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 2

2417412 / 1341.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

        c.    an exclusion for any **claim** "[b]ased on or arising out of liability of others assumed by the **Insured** under any contract or agreement, unless such liability would have attached to the **Insured** even in the absence of such contract or agreement." Policy, §IV.H (the "Contract Exclusion").

1.6    Navigators also seeks a determination and declaration by this Court that coverage for the Funds Conversion loss is barred because RTC paid in full to resolve a purported demand made against it, and made payment, before even notifying Navigators of the incident. Thus, any payment was not "**damages**" (under §III) and RTC breached the Policy's provisions regarding consent (§V.B.3) and cooperation (§V.A).

## II. PARTIES

2.1    Plaintiff Navigators is a corporation organized and existing under the laws of New York and maintains its principal place of business in New York, New York, and therefore is a citizen of New York. Navigators legally transacts business in Washington and within the geographical jurisdiction of the United States District Court for the Western District of Washington.

2.2    Defendant RTC is a limited liability company headquartered in Lynwood, Washington.

2.3    All members of RTC are Washington citizens, and no members of RTC are New York citizens.

## III. JURISDICTION AND VENUE

3.1    This is an action for declaratory relief brought under Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, seeking the adjudication of an actual, ripe and justiciable controversy that has arisen between the

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 3

2417412 / 1341.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

parties, as described more fully below.

3.2     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a). There is complete diversity of citizenship between Navigators, on the one hand, and RTC, on the other hand. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3.3     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to this insurance coverage dispute occurred in this judicial district.

## IV.  THE POLICY

4.1     Navigators issued the Policy to RTC for the claims-made **policy period** of May 18, 2018 to May 18, 2019. Exhibit A, Policy, Declarations, Item 3.

4.2     The Policy has a $2,000,000 limit of liability, inclusive of **claims expenses**, and a $5,000 Each Claim deductible. *Id.*, Declarations, Items 4 and 5.

4.3     Subject to the Policy's terms and conditions, Insuring Agreement I provides specified coverage for amounts that "that the **Insured** becomes legally obligated to pay as **damages** and **claim expenses** as a result of a **claim** first made against the **Insured** and reported in writing to the **Company** during the **policy period** or **Extended Reporting Period** (if applicable), by reason of an act or omission including **personal injury** in the performance of **professional services** by the **Insured** or by someone for whom the **Insured** is legally responsible." *Id.*, §I.A.

4.4     "**Claim**" means "a demand for money or services naming the **Insured** arising out of an act or omission in the performance of **professional services**." Policy, §III.

4.5     "**Professional services**" includes specified services performed by an **Insured** for others for a fee; those services include only "asset analysis, asset reports, asset disposition &

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 4

2417412 / 1341.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

receivership services." Policy, §III; *see also* Policy, Declarations, Item 7.

4.6  "**Damages**" means "any compensatory sum and includes a judgement, award or settlement, provided any settlement is negotiated with [Navigators'] written consent." Policy, §III.

4.7  Under the Policy, Navigators "has the right and duty to defend any **claim** against the **Insured**." Policy, §I.B.

4.8  Navigators also has the affirmative right to engage in settlement negotiations. *See Id.*, §I.C; *see also Id.*, §III (defining "**damages**" to afford coverage for settlements but only when "negotiated with [Navigators'] written consent.").

4.9  Likewise, the Policy states that the "**Insured** [may] not, except at the **Insured's** own cost, voluntarily make any payment, assume or admit any liability or incur any expense without the prior written consent of the **Company**." Policy, §V.B.3.

4.10  The Policy requires "[t]he **Insured**, as a condition precedent to the obligations of [Navigators] under th[e] [P]olicy, [to] give written notice to [Navigators] as soon as reasonably possible during the **policy period** of any **claim** made against the **Insured**." Policy, §V.A.

4.11  As noted above, the Policy's Funds Exclusion provides that the Policy does not apply to any **claim** based on or arising out of "any inability or failure of the **Insured** to pay, collect, or safeguard funds." Policy, §IV, as amended by Endorsement 2.

4.12  As noted above, the Policy's Money Handling Exclusion provides that the Policy does not apply to any **claim** based on or arising out of "the conversion, commingling, defalcation, misappropriation or improper use of funds or other property." Policy, §IV, as amended by Endorsement 2.

4.13  As noted above, the Policy's Contract Exclusion provides that the Policy bars

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 5

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2417412 / 1341.0001

coverage for any **claim** "[b]ased on or arising out of liability of others assumed by the **Insured** under any contract or agreement, unless such liability would have attached to the **Insured** even in the absence of such contract or agreement." Policy, §IV.H.

## V. THE FUNDS CONVERSION

5.1   By court order, RTC was made the court-appointed receiver of a certain limited liability company.

5.2   By an order in February of 2019, the court in the receivership proceeding authorized RTC to sell a certain property free and clear of all liens, encumbrances, rights or redemption, and successor liability. The order provided that liens encumbering the subject property would attach to the proceeds of the sale, and it required RTC as receiver to pay for such liens in accordance with the liens' amounts, priorities, and validity.

5.3   RTC also entered into a "Real Estate Purchase and Sale Agreement" for the property, with RTC (as receiver) as the Seller. The agreement required RTC to provide a court order approving the sale of the property and providing that the buyer would take the property free and clear of all liens, encumbrances, and rights of redemption.

5.4   As part of the sale, RTC became obligated to pay a certain amount to one of two secured creditors in connection with the property.

5.5   In March 2019, RTC received instructions from a person purporting to be, but who was not, the secured creditor (the "Imposter").

5.6   On March 14, 2019, RTC initiated a wire in the amount due to the Imposter's foreign account.

5.7   On March 23, 2019, the secured creditor called Kevin Hanchett of RTC to inquire about the status of funds he was owed as a secured creditor on the property.

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 6

2417412 / 1341.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

5.8 RTC ultimately learned that it fell victim to the Imposter's scheme.

5.9 RTC issued a wire recall notice and was able to freeze a portion of the funds in the Imposter's account, but it has not recovered the balance of the funds in question.

5.10 According to RTC, the secured creditor verbally demanded that RTC pay to him what he was owed on or after March 23.

5.11 On March 29, 2019, RTC wired the amount demanded to the secured creditor.

5.12 The loss to RTC as described in paragraphs 5.3 through 5.6 above is referred to as the "Funds Conversion."

5.13 By letter dated April 15, 2019, RTC provided notice to Navigators of the Funds Conversion.

5.14 RTC did not, however, advise Navigators that: (1) a claim or demand of any kind had been made against it; or (2) it had paid the full amount demanded, or any amount, to the secured creditor.

5.15 Navigators and RTC exchanged further correspondence over the next two months, including but not limited to correspondence dated April 29, 2019, May 14, 2019, June 5, 2019, June 7, 2019, and July 10, 2019.  There is a dispute regarding the availability of coverage for the Funds Conversion.

## VI.  COUNT I

**FOR A DECLARATION THAT COVERAGE FOR THE FUNDS CONVERSION IS NOT AVAILABLE BECAUSE ANY PURPORTED DEMAND DOES NOT TRIGGER THE INSURING AGREEMENT**

6.1 Navigators incorporates by reference the allegations set forth in Paragraphs 1.1 through 5.15 of the Complaint as if fully restated in this Count I.

6.2 Subject to the Policy's terms and conditions, Insuring Agreement I provides

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 7

2417412 / 1341.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

specified coverage for amounts "that the **Insured** becomes legally obligated to pay as **damages** and **claim expenses** as a result of a **claim** first made against the **Insured** and reported in writing to the **Company** during the **policy period** or **Extended Reporting Period** (if applicable), by reason of an act or omission including **personal injury** in the performance of **professional services** by the **Insured** or by someone for whom the **Insured** is legally responsible." *Id.*, §I.A.

6.3     "**Claim**" means "a demand for money or services naming the **Insured** arising out of an act or omission in the performance of **professional services**."  Policy, §III.

6.4     "**Professional services**" includes specified services performed by an **Insured** for others for a fee; those services include only "asset analysis, asset reports, asset disposition & receivership services." Policy, §III; *see also* Policy, Declarations, Item 7.

6.5     Here, any loss incurred by RTC was not the "result of a **claim** … by reason of an act or omission including **personal injury** in the performance of **professional services** by the **Insured**."

6.6     Instead, any loss incurred by RTC resulted from its own failure to safeguard funds, as well as its subsequent transfer of those funds to the Imposter's account.

6.7     Navigators therefore is entitled to a declaration that coverage for the Funds Conversion is precluded because it suffered no loss covered under the Policy's Insuring Agreement.

### VII.  COUNT II

### IN THE ALTERNATIVE, FOR A DECLARATION THAT THE FUNDS EXCLUSION BARS COVERAGE

7.1     Navigators incorporates by reference the allegations set forth in Paragraphs 1.1 through 6.7 of the Complaint as if fully restated in this Count II.

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 8

2417412 / 1341.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

7.2  The Policy's Funds Exclusion bars coverage for any **claim** based on or arising out of "any inability or failure of the **Insured** to pay, collect, or safeguard funds." Policy, §IV, as amended by Endorsement 2.

7.3  To the extent there was a **claim** made against RTC that would implicate coverage under the Insuring Agreement, there is no coverage because any **claim** would be premised on RTC's failure or inability to pay or safeguard funds that were to be paid to the secured creditor as a secured creditor on the property.

7.4  Navigators therefore is entitled to a declaration that coverage for the Funds Conversion is precluded because the Funds Exclusion bars coverage in its entirety.

## VIII.  COUNT III

## IN THE ALTERNATIVE, FOR A DECLARATION THAT THE MONEY HANDLING EXCLUSION BARS COVERAGE

8.1  Navigators incorporates by reference the allegations set forth in Paragraphs 1.1 through 7.4 of the Complaint as if fully restated in this Count III.

8.2  The Policy's Money Handling Exclusion coverage for any **claim** based on or arising out of "the conversion, commingling, defalcation, misappropriation or improper use of funds or other property." Policy, §IV, as amended by Endorsement 2.

8.3  To the extent there was a **claim** made against RTC that would implicate coverage under the Insuring Agreement, there is no coverage because any **claim** would be premised on the conversion, commingling, defalcation, misappropriation or improper use of funds by RTC, its employees, or the Imposter. Policy, §IV, as amended by Endorsement 2.

8.4  Navigators therefore is entitled to a declaration that coverage for the Funds Conversion is precluded because the Money Handling Exclusion bars coverage in its entirety.

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 9

2417412 / 1341.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

# IX. COUNT IV

## IN THE ALTERNATIVE, FOR A DECLARATION THAT THE CONTRACT EXCLUSION BARS COVERAGE

9.1     Navigators incorporates by reference the allegations set forth in Paragraphs 1.1 through 8.4 of the Complaint as if fully restated in this Count IV.

9.2     The Policy's Contract Exclusion bars coverage for any **claim** "[b]ased on or arising out of liability of others assumed by the **Insured** under any contract or agreement, unless such liability would have attached to the **Insured** even in the absence of such contract or agreement." Policy, §IV.H.

9.3     To the extent there was a **claim** made against RTC that would implicate coverage under the Insuring Agreement, there is no coverage because any **claim** would be premised on RTC's contractual undertaking to pay to secure the release of liens of third parties, like the secured creditor, on behalf of the debtor.

9.4     Navigators therefore is entitled to a declaration that coverage for the Funds Conversion is precluded because the Contract Exclusion bars coverage in its entirety.

# X. COUNT V

## IN THE ALTERNATIVE, FOR A DECLARATION THAT COVERAGE FOR THE FUNDS CONVERSION IS NOT AVAILABLE BECAUSE ANY PURPORTED LOSS IS NOT "DAMAGES"

10.1    Navigators incorporates by reference the allegations set forth in Paragraphs 1.1 through 9.4 of the Complaint as if fully restated in this Count V.

10.2    The Policy affords specified coverage only for "**damages**" and "**claim expenses**," as those terms are defined. Policy, §I.A.

10.3    Under the Policy, "**damages**" means "any compensatory sum and includes a

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 10

2417412 / 1341.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

judgement, award or settlement, provided any settlement is negotiated with [Navigators'] written consent." Policy, §III.

10.4 The payment to the secured creditor was not "**damages**" because it was not a "compensatory sum" paid to compensate him for any loss or injury. Instead, it was simply a payment to obtain the discharge of his lien on the property. Similarly, the payment was not "a judgment, award, or settlement … negotiated with [Navigators'] written consent."

10.5 Navigators therefore is entitled to a declaration that coverage for the Funds Conversion is precluded because it incurred no "**damages**" under the Policy.

## XI.  COUNT VI

### IN THE ALTERNATIVE, FOR A DECLARATION THAT COVERAGE FOR THE FUNDS CONVERSION IS NOT AVAILABLE BECAUSE RTC BREACHED THE INSURANCE CONTRACT

11.1 Navigators incorporates by reference the allegations set forth in Paragraphs 1.1 through 10.5 of the Complaint as if fully restated in this Count VI.

11.2 Under the Policy, Navigators "has the right and duty to defend any **claim** against the **Insured**." Policy, §I.B.

11.3 Navigators also has the affirmative right to engage in settlement negotiations. *See Id.*, §I.C; *see also Id.*, §III (defining "**damages**" to afford coverage for settlements but only when "negotiated with [Navigators'] written consent.").

11.4 Likewise, the Policy states that the "**Insured** [may] not, except at the **Insured's** own cost, voluntarily make any payment, assume or admit any liability or incur any expense without the prior written consent of the **Company**." Policy, §V.B.3.

11.5 The Policy also requires "[t]he **Insured**, as a condition precedent to the obligations of [Navigators] under th[e] [P]olicy, [to] give written notice to [Navigators] as soon

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 11

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2417412 / 1341.0001

as reasonably possible during the **policy period** of any **claim** made against the **Insured**." Policy, §V.A.

11.6   Here, to the extent coverage was otherwise available, RTC breached these provisions by making payment to the secured creditor without notifying Navigators or allowing Navigators the opportunity to investigate, defend and/or settle any demand.

11.7   Navigators therefore is entitled to a declaration that coverage for the Funds Conversion is precluded because RTC breached the terms of the Policy.

## XII.  PRAYER FOR RELIEF

WHEREFORE, Navigators respectfully requests that this Court enter judgment in its favor as follows:

12.1   For the reasons stated in Count I, enter judgment declaring that coverage is unavailable because the Funds Conversion does not trigger the Policy's insuring agreement because it does not involve amounts "that the **Insured** becomes legally obligated to pay as **damages** and **claim expenses** as a result of a **claim** first made against the **Insured** and reported in writing to the **Company** during the **policy period** or **Extended Reporting Period** (if applicable), by reason of an act or omission including **personal injury** in the performance of **professional services** by the **Insured** or by someone for whom the **Insured** is legally responsible."

12.2   For the reasons stated in Count II, enter judgment declaring that any loss incurred by RTC is not "**damages**" under the Policy.

12.3   For the reasons stated in Count III, enter judgment declaring that RTC is entitled to no coverage because it breached the terms of the Policy relating to notice, cooperation, and consent, among others, by paying all amounts now claimed before providing notice to

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 12

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2417412 / 1341.0001

Navigators of the incident or purported demand.

12.4 For the reasons stated in Count IV, enter judgment declaring that the Policy's Funds Exclusion precludes defense and indemnity coverage, such that Navigators has no obligations under the Policy whatsoever.

12.5 For the reasons stated in Count V, enter judgment declaring that the Policy's Money Handling Exclusion precludes defense and indemnity coverage, such that Navigators has no obligations under the Policy whatsoever.

12.6 For the reasons stated in Count VI, enter judgment declaring that the Policy's Contract Exclusion precludes defense and indemnity coverage, such that Navigators has no obligations under the Policy whatsoever.

12.7 Award Navigators its costs incurred in this action; and,

12.8 Award Navigators all other relief to which it may be entitled.

Dated this 19th day of July, 2019.

FORSBERG & UMLAUF, P.S.

*s/Carl E. Forsberg*
Carl E. Forsberg, WSBA #17025
901 Fifth Ave., Suite 1400
Seattle, WA 98164
Phone: (206) 689-8550
Email: cforsberg@foum.law
Attorneys for Plaintiff Navigators Specialty Insurance Company

Plaintiff Navigators Specialty Insurance
Company's Complaint for Declaratory Relief – 13

2417412 / 1341.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX